IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERNEST PITTS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-328 (MTT) ) |
| CONSTITUTION STATE SERVICE, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

On August 17, 2020, Plaintiff Ernest Pitts, Jr., proceeding pro se, filed his complaint. Doc. 1. That same day, he filed a motion to proceed in forma pauperis ("IFP"). Doc. 2. For the reasons below, the Court **GRANTS** the Plaintiff's motion to proceed IFP (Doc. 2) and **ORDERS** the Plaintiff to amend his complaint.

**I. DISCUSSION**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

**A. Financial Status**

To show poverty, a plaintiff need not show in the affidavit that he is "absolutely destitute." *Id.* at 1307 (internal quotation marks and citation omitted). Instead, "[s]uch an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (internal quotation marks and citation omitted). "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307). A court may not deny a motion to proceed IFP solely based on the reason that a plaintiff's annual income exceeds the poverty threshold set by the Department of Health and Human Services guidelines. *Id.* (citing *Martinez*, 364 F.3d at 1307 n.5 (noting that the movant's income was above the poverty line but finding that her sworn statement that she was a pauper and unable to pay court costs was "sufficient on its face to demonstrate economic eligibility" for IFP status)).

However, § 1915(a) "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (internal quotation marks and citation omitted). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014

WL 3845777, *1 (N.D. Ga. 2014) (internal quotation marks and citations omitted). District courts have broad discretion to decide IFP cases and should grant the privilege sparingly, especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

The Plaintiff has submitted a declaration to show he cannot pay the court fees. Doc. 2. In his motion to proceed IFP, the Plaintiff states that he has $0.00 in his bank account; he has no assets or debts; and that, due to his indigent status, he is unable to pay the costs of his proceedings. *Id.* at 1-3. The Plaintiff's apparent gross annual income is $31,200, which is above the federal poverty guideline for a two-person household,[2] which is $17,240.[3] *Id.* at 1. The Plaintiff claims approximately $3,440 in monthly expenses. *Id.* at 4. Because of the Plaintiff's limited income, the Court finds that the Plaintiff qualifies as a pauper under § 1915. Accordingly, the Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**.

**B. Order to Amend Complaint**

The Plaintiff alleges that on August 17, 2018, he was talking to the Meat Department Manager at the Ingles Market in Forsyth, Georgia, when he backed into the railing of the meat compartment. Doc. 1 at 3. The Plaintiff claims that everything was captured on tape. *Id.* The Plaintiff claims that he has seen various doctors for issues with his back, legs, arm, and other daily ailments as a result of the underlying event. *Id.*

---

[2] The Plaintiff states that he has a spouse. *See generally* Doc. 2.

[3] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines.

The Plaintiff filed a six-page complaint.  Doc. 1.  The Plaintiff names two defendants in the heading of his complaint but provides the addresses for four different parties, including the two defendants, in the body of his complaint.  Doc. 1 at 4-5.

Thus far, the Plaintiff's allegations appear thin, and the Court cannot conduct a thorough frivolity review.  *See* 28 U.S.C. § 1915(e)(2)(B) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief).  It is not clear whether this is because of how the allegations have been pled or whether they simply lack substance.  However, given the Plaintiff's pro se status, the Court will allow him to amend his complaint to state viable claims.  *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.") (citation omitted).

The amended complaint will take the place of and supersede the Plaintiff's original complaint (Doc. 1).  *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013) (citation omitted).  The Plaintiff may not refer to, or incorporate by reference, his previous complaint or its attachment.  The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B).  *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

The Plaintiff should ensure that his amended complaint identifies any and all defendants, relief sought, and facts he wishes to make a part of this lawsuit. Specifically, the amended complaint must contain a caption in the heading of the complaint that clearly identifies, by name, each individual that the Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit.  The Plaintiff is to name only Defendants associated with the claim or related claims he is pursuing. *Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (citing Fed. R. Civ. P. 20(a)(2)(A)-(B)).  The Plaintiff must list each Defendant again in his complaint's body and tell the Court exactly how that Defendant violated his rights.  If the Plaintiff does not link a defendant to a claim, the claim will be dismissed.  Likewise, if the Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.  Also, any alleged violation will be dismissed if the Plaintiff fails to tell the Court who committed the violation.

The Plaintiff must also tell the Court how it has subject-matter jurisdiction to hear his claim.  The complaint's body does not make clear whether the Plaintiff is bringing his claim under federal law or diversity of citizenship.  If the claim arises under federal law, which one(s)?  If the claim is being brought under diversity of citizenship, where do the named Defendants reside and what is the amount in controversy?  Without adequate answers to these questions, the Court cannot determine whether it has the authority to hear this matter.

For these reasons, the Plaintiff is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings.  The Plaintiff shall have until **October 3, 2020** to file his amended complaint against all defendants.  Failure to

file the amended complaint pursuant to the Court's instructions may result in dismissal of the case.

## II.  CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, the Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**, and the Plaintiff is **ORDERED** to amend his complaint to include all defendants and facts that he wishes to make a part of these proceedings no later than **October 3, 2020**.  The Clerk's Office is **DIRECTED** to send the Plaintiff a new complaint form.

**SO ORDERED**, this 3rd day of September, 2020.

                                                  S/ Marc T. Treadwell
                                                  MARC T. TREADWELL, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT